## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Breeden

November 7, 1985

Case No. (Criminal) 46116

By JUDGE F. BRUCE BACH

This matter came before the Court on Defendant's Motion to Suppress evidence obtained from a search of 8501 Robin Ridge Road, Fairfax, Virginia, pursuant to a search warrant. Defendant maintains that the affiants knowingly or recklessly included or omitted false and misleading statements in the search warrant in contravention of *Franks v. Delaware*, 438 U.S. 154 (1978). After reviewing documents submitted by counsel and other authorities, it is still the opinion of the Court that the Motion to Suppress be denied, and that no hearing is required under *Franks*.

The Supreme Court held in *Franks* that there is a presumption of validity with respect to the affidavit supporting a search warrant. *Franks, supra* at 171. To overcome the presumption to the extent that an evidentiary hearing is called for, a challenger must first allege and submit evidence tending to prove that certain portions of the affidavit state *deliberate or recklessly made falsehoods. Id.* Even if this first hurdle is overcome, no evidentiary hearing will be ordered if the affidavit, excised of the alleged falsehoods, would still support a finding of probable cause. *Id.*

Defendants allege that the affiants knew of and deliberately withheld from the magistrate the confidential informant's supposed retaliatory motive and self interest,

the alleged fact that the informant was intoxicated, and the alleged fact that the informant was a convicted felon. These and other similar allegations are not the deliberate, affirmative falsehoods that fall within the purview of *Franks*. To the contrary, they are merely "facts" relating to the credibility of the informant which were *omitted* from the warrant. Every warrant lacks some fact; such omissions are not grounds for suppression of a search.

Assuming without deciding that the omission of facts from a warrant is the type of evil *Franks* sought to prevent, the inclusion of the alleged omissions would not alter the validity of the warrant. There would still be probable cause to support a search. Each of the alleged omissions relates to the credibility of the confidential informant. However, the affidavit sets forth supervening facts that tend to establish the informant's credibility, including his dealings with the police regarding stolen property, past information supplied, and corroboration of the truth of informant's statements by later observation and another witness. Because the affidavit would still support a finding of probable cause even if the alleged omissions were included, the second prong of *Franks* is not met and no hearing is required. *See, Franks, supra* at 171.

Defendant's Motion to Suppress is denied.